# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Zoe Elizabeth Hansen, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Civil Action No. 9:25-cv-03443-TMC |
| Director of the G. Werber Bryan Psychiatric Hospital, | ) ) ) | **ORDER** |
| Respondent. | ) ) ) | |

Petitioner Zoe Elizabeth Hansen, a *pro se* litigant who alleges she is an in-patient at the G. Werber Bryan Psychiatric Hospital pursuant to an order of a state probate judge, filed this petition for relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 29, 2025, Respondent filed a Return and Motion to Dismiss. (ECF No. 10). On August 4, 2025, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond thereto. (ECF No. 11). The *Roseboro* order was mailed to Petitioner at the address she provided the court when she filed the petition, (ECF No. 12), and has not been returned to the court as undeliverable. Therefore, Petitioner is presumed to have received the *Roseboro* order. Nevertheless, to date, Petitioner has failed to file any response to Respondent's motion to dismiss or to the magistrate judge's *Roseboro* order.

On September 30, 2025, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the Petition be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF No. 13 at 2). The Report advised Petitioner of her right to file objections to the Report and of the potential consequences of failing to do so. *Id*. at 4. The magistrate judge directed the Clerk of Court to "mail this Report and Recommendation to Petitioner at her last known address. If Petitioner provides a response to the Motion to Dismiss within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling." *Id*. at 2. Finally, the Report states that "[i]f, however, no objection nor response is filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition." *Id*.

On September 30, 2025, the Report was mailed to Plaintiff at the address she provided the court. (ECF No. 14). The Report has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Nonetheless, Plaintiff has not submitted any objections or a response of any kind, and the time for doing so has now lapsed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th

Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court **ADOPTS** the Report (ECF No. 13), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action without prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
November 17, 2025

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.